## ROBB v. THE A., K. & D. M. R. CO.

1. **Sheriff's Fees**: AD QUOD DAMNUM. Where a sheriff summoned a jury to assess the owners' damages upon land appropriated for right of way, and on the same day an assessment was made by the same jury for several tracts belonging to different owners, it was *held* that directing the jury to proceed from one tract to another did not constitute a distinct summons, and that the sheriff was only entitled to compensation for summoning the jury to assess the damages on a single tract.

*Appeal from Monroe District Court.*

FRIDAY, OCTOBER 20.

APPLICATION to the plaintiff as sheriff of Monroe county was made by the defendant in due form of law to cause to be assessed the damages to the owners by reason of the taking of the right of way for a railroad over nineteen tracts of land owned by as many different persons. The said sheriff proceeded to appoint six disinterested freeholders, as required by Sec. 1244 of the Code, to assess the damages of the respective owners. The appointment of said freeholders was made by the sheriff to assess the damages in all of said cases, but he notified and appointed them all at one time; that is, he notified each member of said jury to appear at a day named to assess the damages in all the cases, and when the day came he met them on one of said pieces of land, and when they

had assessed the damages to the owner of said tract they made a report to the plaintiff as required by law. Plaintiff then proceeded with said jury to another of said tracts of real estate, and the same proceedings were had and return made, and he so proceeded until all were appraised. He did not appoint, summon or notify said freeholders but once, excepting that when the assessment was made as to one tract, he then notified them as a body to proceed with him to the next tract until all were assessed and return made to him. The plaintiff claimed five dollars in each of the nineteen cases, for summoning the freeholders and attending on them, which was allowed by the court, and judgment rendered therefor. Defendant appeals.

*Perry & Townsend*, for appellant.

*Dashiell & Andrews*, for appellee.

ROTHROCK, J.—Sec. 3788 of the Code provides that a sheriff shall be allowed " for summoning a jury to assess the damages

1. SHERIFF'S fees: ad quod damnum.

to the owner of lands taken for any work of internal improvements and attending upon them, including mileage, five dollars. If such case occupies more than one day, for each additional day or fraction thereof one dollar and fifty cents."

The fees of public officers being fixed by law, no compensation can be allowed in excess of that expressly provided by statute. No charge can be made by a public officer in this state for any act for which no fee is allowed by law.

The sheriff in this case summoned these jurors all at one time in all the cases, or to assess damages to all the owners. He did not summon them to attend on one tract on a particular day and at others on other days. It does not appear that he designated on which tract they should first assemble. It is certain then that whatever there was in the way of an appointment and summons was done on some day before the assessment. The jurors were then summoned, and it cannot be said that after they were summoned for all the cases or tracts, merely directing them to proceed from one tract to

another, was another summons. We believe a fair construction of the law is, that the sheriff should be allowed but five dollars for this service.

REVERSED.