KING & Co. v. SHEPHERD ET AL.

1. **Sheriff:** PERSONAL CARE OF ATTACHED PROPERTY: COMPENSATION: CONSENT OF ATTORNEY. The statute provides no compensation to a sheriff for his mere personal care of attached property, except his statutory fees and salary, and he can recover none—not even upon consent of the attachment plaintiff's attorney that he shall have reasonable compensation; for the law can recognize no compensation as reasonable where the statute provides none; and an attorney has no power to bind his client for the payment of an illegal charge made by an officer.

*Appeal from Bremer Circuit Court.*

MONDAY, DECEMBER 21.

ACTION IN ATTACHMENT. The plaintiffs caused a stock of goods to be attached, belonging to the defendant Shepherd, and, after the lapse of 340 days, the attachment was dissolved. The court, upon a motion by the sheriff to retax costs in his favor, allowed him $136 for care of goods,—340 days at forty cents per day. From the order of allowance the plaintiffs appeal.

*Platt & Hoff*, for appellants.

*Gibson & Dawson*, for appellees.

ADAMS, J.—The evidence shows that the goods in question, consisting mostly of clothing, were boxed in three strong boxes, securely nailed, and hooped on the corners, and that they were placed in a room in the court-house, near to rooms occupied by the sheriff and his family. The item allowed, of $136, does not appear to have been for any expense incurred, but for alleged personal care. In our opinion there is no warrant for the allowance of such item. It may be conceded that a sheriff is entitled to be allowed for his necessary expenses for keeping attached property, but

for his personal service he is supposed to be compensated by his statutory fees and salary. *Robb v. Railroad Co.*, 44 Iowa, 440. For the mere personal care of attached goods there is no fee allowed by statute, and we think that the court erred in the allowance in question.

The sheriff relies, in part, upon a letter said to be written by the plaintiffs' attorney to the judge of the court below, in which letter the attorney said, referring to the sheriff's charge, not then passed on: "I am quite willing to pay the sheriff a reasonable compensation, but cannot stand forty cents per day." It is insisted that the court below was justified in assuming that no question of law was raised in respect to the sheriff's charge, but only the question of fact. as to what was reasonable, and that no other question can now be considered, if, indeed, even that can be. But in our opinion an attorney has no implied power to consent to an illegal and extortionate charge made by an officer, and no express power is shown in this case. Besides, how can we say that any allowance for a service is reasonable where we must conclusively assume that it is otherwise fully paid for? We think that the judgment of the circuit court must be

REVERSED.